IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| J. CARMEN VERGARA-PERDOMO, et al., and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>WENDELL ROBERSON FARMS, INC., et al.,<br><br>  Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.: 1:04-CV-77-4<br>: (WLS)<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

This is a lawsuit brought by fifteen Plaintiff farmworkers and eleven opt-in farmworkers against Defendants, who consist of a farm corporation, its owners and officers, and three of the farm corporation's supervisors and crewleaders. The individual Defendants, Janis Roberson, Sidney Roberson and Justin Roberson ("the Roberson Defendants") and Rosendo Pastrana, German Mesa, and Uvaldo Leon ("the Crewleader Defendants") have moved to dismiss.

This Court should deny Defendants' Motion to Dismiss for two reasons. First, the FLSA definition of employer is sufficiently broad to include corporate officers, managers and supervisors as employers, and Plaintiffs have adequately plead a claim against these Defendants. Second, neither Count III nor IV incorporate the FLSA, as argued by Defendants in their brief, nor does either count state a claim against the Roberson or Crewleader Defendants, so Defendants' arguments to dismiss these claims are unavailing.

For Defendants to prevail they must show that there is no set of facts that could be adduced in support of the non-movants' claims which would entitle them to relief. <u>Conley v.</u>



Gibson, 355 U.S. 41, 45-46 (1957). The challenged allegations are assumed to be true and are construed in the light most favorable to the non-movants (here the Plaintiffs). White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999) (citing Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998), cert. denied, 525 U.S. 1139 (1999)). The rule "authorizes a court to dismiss a complaint [only] on the basis of a dispositive issue of law[.]" Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1539 (11th Cir.), cert. denied, 502 U.S. 810 (1991). Here Defendants' Motion must fail. Assuming the truth of Plaintiffs' allegations, Plaintiffs' complaint shows clear and persuasive claims for relief under existing law.

I.     **The FLSA Contains a Broad Definition of Employer and Permits Naming Corporate Officers, Managers, and Field Supervisors Along with the Corporate Defendant.**

Plaintiffs have sued "Wendell Roberson Farms, Inc. as well as certain officers, managers, and farm labor contractors of the farm." Brief in Support of Defs. Motion to Consolidate Claims at 5. Plaintiffs have plead that these Defendants "Wendell Roberson [Farms, Inc.], Janis Roberson, Sidney Roberson, Terrel Roberson, Rosendo Pastrana, Uvaldo Leon, and German Mesa were employers as defined by the FLSA, 29 U.S.C. § 203(g)." Complt. at ¶ 31. Defendants argue in their motion to dismiss that there is "no basis under the FLSA to sue defendants such as the non-employer Defendants here." Brief in Support of Motion to Dismiss at *3.[1] Defendants also state that suing "certain officers, managers, and farm labor contractors" is "unprecedented." Brief in Support at *2.

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). The definition of employ is

---

[1] Defendants' brief is not paginated.

"'the broadest definition that has ever been included in any one act,'" United States v. Rosenwasser, 323 U.S. 360, 363 n. 3 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Senator, later Justice, Hugo L. Black)). At the 12(b)(6) stage, courts require only that Plaintiffs plead that a FLSA employment relationship existed and some factual allegation to support such claim. Bureerong v. Uvawas, 922 F. Supp. 1450, 1469 (C.D. Cal. 1996) ("Plaintiffs' most important allegation is that Defendants 'directly or indirectly employed plaintiffs . . . and exercised meaningful control over the work plaintiffs performed[.]' FAC P 19-20. In light of the liberal pleading standards of Federal Rule 8, and Plaintiffs' allegations concerning the 'economic reality' of the garment business, this claim alone sufficiently alleges an 'employment' relationship[.]")

**Roberson Defendants:** The Roberson Defendants are the corporate officers of Defendant Roberson Farms and Plaintiffs have alleged they personally are substantially involved in employment related decisions, actions, policies and practices at their namesake farm, Wendell Roberson Farms, Inc.[2] Plaintiffs allege that the Roberson Defendants were involved in preparing a list of the workers to be hired each season (Complt ¶ 51), authorized others to perform hiring activities (Complt. at ¶53), and offered employment to the Plaintiffs (Complt. at ¶55). Upon arriving in Georgia, Plaintiffs report that they arrived at the "Defendants' farming operations" (Complt. at ¶71) and then promptly encountered pay problems with Defendants (Complt. at ¶¶

---

[2] Defendants' motion and brief take conflicting positions about what role the Roberson and Crewleader Defendants played at Roberson Farms. Compare Motion to Dismiss at *2 ("The remaining Defendants are employees of Wendell Roberson Farms, Inc."); Brief to Dismiss at *3 ("Going well beyond the facts here, Patel actually performed some services for Investment, Inc."). Regardless of which position Defendants intend to press, either is a factual determination which precludes dismissing Defendants at this stage.

76, 86-93).[3] Plaintiffs' allegations are clearly sufficient to bring the Roberson Defendants within the FLSA's expansive definition of employer: "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986) (citation omitted)[4].

Plaintiffs have alleged that the Roberson Defendants had control over the hiring and payroll processes at the farm-- the same hiring and payroll processes that Plaintiffs claim violated the FLSA. Even without their corporate officer status, anyone, including other employees, may be liable under the FLSA if they "have such control over the corporate entity that their decisions determine whether a violation occurs[. T]hen the Act considers them employers liable for the harm they cause." Dole v. Simpson, 784 F. Supp. 538, 544 (S.D. Ind. 1991).

---

[3] Despite these clear allegations in Plaintiffs' Complaint, Defendants misrepresent Plaintiffs' pleadings in their motion to dismiss arguing that Plaintiffs have not alleged that they were economically dependent, that they worked on the premises, or that they were subject to the control of Defendants. Mot. to Dismiss at *3-4.

[4] Although Defendants' brief cites Patel, Defendants try to avoid the Eleventh Circuit's ruling in Patel and the Circuit's existing joint employment caselaw. Defendants argue "[b]ecause all of the Plaintiffs were employed by Defendant Wendell Roberson Farms, Inc., none have any basis or standing to sue [other Defendants] under the FLSA[.]" Defendants' argument, made without legal citation, is plainly wrong as a matter of law. See, e.g., Patel, 803 F.2d at 636 (citing 29 C.F.R. § 791.2); 29 C.F.R. § 791.2 ("A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938"); Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir. 1996) ("To assure protection for workers [the FLSA] statutory scheme make[s] it clear that a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time."); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991) ("The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA.").

Employees routinely sue corporate officers, managers and supervisors under the FLSA, because corporate officers, managers and supervisors are frequently liable for FLSA violations.[5] Quite simply, Plaintiffs' allegations are routine and far from "unprecedented." See, e.g., Antenor v. D & S Farms, 88 F.3d 925, 937-938 (11th Cir. 1996) ("we conclude that the evidence before the district court indicated that the farmworkers were jointly employed by [crewleader] Turke and the growers under the AWPA and the FLSA."); Barrientos v. Taylor, 917 F. Supp. 375, 384 (E.D.N.C. 1996) ("the court finds that the Taylors and Taylor Farms were joint employers of plaintiffs [along with the crewleader]."); Maldonado v. Lucca, 629 F. Supp. 483, 487 (D.N.J. 1986) ("In the agricultural context, farm owners and crew leaders have been held to be joint employers of migrant workers within the meaning of the FLSA.").

**Crewleader Defendants:** The Crewleader Defendants (Pastrana, Mesa and Leon) are managers and field supervisors for Defendants. An employee who supervises another employee and is at least partially responsible for the FLSA violations suffered by that other employee may be held liable. Luder v. Endicott, 253 F.3d 1020, 1022 (7th Cir. 2001) ("the supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA is liable for the violation.")

Plaintiffs have alleged that the Defendants practiced hours-shorting (Complt. ¶88), failed to pay for travel and waiting time (Complt. ¶¶90-1), and failed to pay pre-liminary and post-liminary work (Complt. ¶92). Plaintiffs have asserted one count of the Complaint, Count II, against the Crewleader Defendants for their direct involvement in these pay violations. At this

---

[5] "Most cases finding corporate officers liable for FLSA violations have involved company-wide underpayment of large numbers of workers." Patel, 803 F.2d at 638. This case involving twenty-seven farmworkers and a claim that more than a hundred other farmworkers were similarly underpaid exemplifies the situation where corporate officers are likely culpable.

stage of the litigation, Plaintiffs have pled sufficient allegations that these Defendants are liable under the FLSA. See, e.g., Heng Chan v. Triple 8 Palace, 2004 U.S. Dist. LEXIS 9359 at *2 (S.D.N.Y. May 20, 2004) ("The complaint adequately alleges that the moving defendants are 'employers' within the meaning of the statute.") Crewleaders in agriculture are regularly held responsible for the violations of the FLSA. See, e.g., Antenor, 88 F.3d at 937-938 (finding crewleader and grower joint responsible for FLSA violations); Leach v. Johnston, 812 F. Supp. 1198, 1212 (M.D. Fla. 1992) (same). Accordingly, dismissal of the claims against these Defendants is not appropriate.

In rejecting the Roberson and the Crewleader Defendants' attempts to excise themselves from this litigation, the Court will be adhering to long standing precedent. In interpreting FLSA complaints and resulting motions to dismiss, courts regularly resist individual defendant's attempts to escape FLSA litigation at the motion to dismiss stage. Figueroa v. America's Custom Brokers, Inc., 48 F. Supp. 2d 1372, 1377 (S.D. Fla. 1999) (denying corporate officer's motion to dismiss); Hawthorne v. Reily Foods Co., 144 Lab. Cas. (CCH) P34,337, 2001 U.S. Dist. LEXIS 11899 at *6 (E.D. La. Aug. 9, 2001) (ruling in an Equal Pay Act case "The question of whether White may be individually liable as the plaintiff's employer requires a fact-intensive inquiry ill-suited to resolution under Rule 12."); Riojas v. Seal Produce, Inc., 82 F.R.D. 613, 619 (S.D. Tex. 1979) ("In light of these requirements, the sparsity of facts and the dispute in the pleadings, this Court does not believe that, without further factual development and enlightenment, it can dismiss the Defendant Russell from this action.") Indeed, given the facts alleged here, it would be error to dismiss them. Fegley v. Higgins, 19 F.3d 1126, 1131 (6th Cir.), cert. den'd, 513 U.S. 875 (1994) ("district judge clearly erred" in dismissing claims against corporate officer with operational control).

## II. Defendants' Brief, Drafted for a Different Case Than This One (the <u>Duque-Tovar v. Georgia Growers</u> suit) Does Not Address Plaintiffs' Counts III and IV and Instead Moves to Dismiss Counts That Do Not Exist in This Case.

The remaining portion of Defendants' motion and brief to dismiss is simply inapplicable to the claims alleged in Plaintiffs' complaint. Defendants move to dismiss the counts beginning as follows:

> Perhaps because they recognize that a Rule 23 class action is expressly prohibited for and is irreconcilable with claims for violation of the FLSA, Plaintiffs try to disguise the claims in Count III and IV as contract claims. This too is prohibited.

Brief to Dismiss at *10. Defendants go on to say "Plaintiffs have no claim for the relief prayed for and no standing to make the claim [in Counts III and IV] against Defendants Janis S. Roberson, Thomas Sidney Roberson, Justin Terrell Roberson, Rosendo Pastrana, Uvaldo Leon, and German Mesa set out in the Complaint." Motion to Dismiss at *5.

Plaintiffs' Count III is entitled "Breach of Employment Contract -- Failure to Pay for All Hours Worked" and is described as follows in Plaintiffs' Complaint:

> 113.[6]   This count sets forth a claim by all Plaintiffs for declaratory relief and damages for Defendant Roberson Farms' breach of the "rate of pay" provision of the employment contracts as detailed in 20 C.F.R. § 655.102(b)(9)(ii)(A).

Count III is explicit that it is being brought by the Plaintiffs who are listed in paragraphs 120 through 126.

Count IV of Plaintiffs' Complaint is entitled "Breach of Employment Contract – Failure to Pay Complete 50% Travel Reimbursement." The Count is described as follows:

---

[6] In Plaintiffs' Amended Complaint the text of the paragraph is the same, but the paragraph number changes to ¶117. Subsequent paragraph references are to Plaintiffs' original Complaint unless otherwise stated.

>   133.  This count sets forth a claim by all Plaintiffs for declaratory relief and damages for Defendant Roberson Farms' violations of the employment contract by failing to timely pay the full transportation and subsistence reimbursement.

The Plaintiffs who have brought the count are listed in paragraphs 134 through 140.

Thus Plaintiffs have filed two breach of contract counts, one for violation of the contract rate of pay provision and one for violation of the contract transportation provision against Defendant Roberson Farms. Neither claim alleges, directly or indirectly, a violation of the FLSA and neither claim asserts a Rule 23 class claim.[7] More importantly, Plaintiffs have not asserted a claim against the Roberson Defendants or the Crewleader Defendants in Count III or IV. See Original Complaint at ¶113 (Count III "for Defendant Wendell Roberson Farms' breach") and ¶129 (Count IV "for Defendant Roberson Farms' violations").

Plaintiffs and Defendant Roberson Farms were parties to a written contract. See Ex. B. and C to Complt. Plaintiffs do not assert contract claims as a mere "disguise," they claim genuine losses based on breach of their written employment contracts. Nevertheless, Defendants further contend that Plaintiffs cannot bring a contract claim:

> Where a state law contract theory, as here, *directly* implicates and is *directly* based upon FLSA statutory provisions, courts do not permit the plaintiffs to invoke broader remedies and procedures in avoidance of the balance struck by Congress in the comprehensive FLSA remedial structure[.]

Brief to Dismiss at *11.[8] Plaintiffs' state contract claims are based on their contracts, not on the

---

[7] It appears that Defendants' are responding here to Count II in the Duque-Tovar suit. See Duque-Tovar Amended Complt at ¶92 ("sets forth a claim by Plaintiffs and other members of the class")

[8] While neither Counts III nor IV incorporate the FLSA, Defendants' legal allegation that a contract count may not incorporate FLSA statutory definitions or interpretations is wrong as a matter of law. Avery v. City of Talladega, 24 F.3d 1337, 1348 (11th Cir. 1994) ("If a violation of the FLSA has occurred, then a violation of the contract, which incorporates the FLSA, will have

FLSA.

As part of their argument, Defendants again attack a different complaint filed in a different case:

> Plaintiffs' claims for breach of contract resulting from "Defendants' failure to comply with the Fair Labor Standards Act, as incorporated in the job order" must be dismissed.

Brief to Dismiss at *12.[9] Although from the context one might think Defendants are quoting Plaintiffs' Complaint, that language does not appear in Plaintiffs' Complaint. Rather, it quotes paragraph 38 of the Amended Complaint in a separate lawsuit: Duque-Tovar v. Georgia Growers Assoc., U.S.D.C., M.D.Ga., Civ. Act. No. 03-CV-0128.

In short, Defendants not sued, have moved to dismiss claims not made. No basis for relief having been stated as to Counts III and IV, the Defendants' motion should be dismissed.

## III.  CONCLUSION

The Court should dismiss the Defendants' meritless motion to dismiss and allow Plaintiffs to proceed on all counts alleged in their complaint. The Plaintiffs' have adequately plead a FLSA claim against the Roberson and Crewleader Defendants who clearly could both be liable for the FLSA violations assuming the facts as alleged in Plaintiffs' Complaint. The Court should also dismiss Defendants' attempt at dismissing Counts III and IV. It is nonsensical and without merit. Defendants' motion is wholly without basis and should be dismissed in its entirety.

---

occurred as well. . . . the breach of contract claim survives merely as an alternative legal theory to redress any wrong that may have been done them.")

[9] Defendants' motion makes the same errors arguing "[no Plaintiffs] have any basis or standing under the FLSA to raise the claims in Count . . . III and IV[.]" Complt. at ¶4.

Respectfully submitted this \_\_\_ day of August, 2004,

_____
Dawson Morton
Georgia Bar No. 525985
Lisa J. Krisher
Georgia Bar No. 429762
Phyllis J. Holmen
Georgia Bar No. 363850
104 Marietta Street, Suite 250
Atlanta, Georgia 30303
Tel.: 404-463-1633
Fax.: 404-463-1623

William J. Cobb
Georgia Bar No. 171850
Cobb & Gardner LLP
755 Commerce Drive, Suite 800
Decatur, GA 30030
Tel.: 404-601-4120
Fax.: 404-601-4133

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 18th day of August, 2004, served a true and accurate copy of the attached PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS upon the following individuals indicated below by U.S. Mail postage pre-paid and properly addressed as follows:


T. Mark Sandifer
Sandifer & Sowell
P.O. Box 7170
Tifton, GA 31793-7170

Ralph F. Simpson
Simpson Law Firm
P.O. Box 327
Tifton, GA 31793-0327

Attorneys for Defendants



_____
Counsel for Plaintiffs