Case 1:04-cv-00077-WLS   Document 113-2   Filed 03/09/2006   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

J. CARMEN VERGARA-PERDOMO, et al., and
all others similarly situated,                          :

        Plaintiffs,                                     :

PANFILO DONATO-EVANGELISTA, et al.          :   CIVIL ACTION NO.: 1:04-CV-77-4
                                                        :   (WLS)
        Opt-in Plaintiffs,                              :

v.                                                      :

WENDELL ROBERSON FARMS, INC., et al,          :

        Defendants.                                     :

**CONSENT ORDER**

Plaintiffs and Defendants agree to resolve the present Contempt proceedings and enter

into the following Consent Order which supplements but does not replace the existing August 22,

2005 Consent Order.  As of March 3, 2006 (unless otherwise specified below), Defendants shall:

1.      Hire and Compensate all field and shed (barn and chopping room) workers directly by

       Defendant Wendell Roberson Farms, Inc.; there shall be no payment through crewleaders.

2.      By March 15, 2006, register for and thereafter use the Department of Homeland

       Security's SAVE Program to verify the employment-eligibility of all new hires not

       holding current H-2A visas (to be done within three business days of hiring), and retain

       copies of each verification report by printing and filing it in the employee's personnel file.

       Registration will be accomplished on the internet at

       https://www.vis-dhs.com/employerregistration/ or by contacting DHS at 1-888-464-4218.

3. Terminate the Rodriguez Crew members, including but not limited to all individuals identified in Plaintiffs' Exhibits F and X to their Motion for Order to Show Cause (with the sole exception that Rolando Rodriguez and Delfino "Roque" Rodriguez, Jr. may be retained), due to their failure to present valid work documentation.

4. By March 8, 2006, release all workers who have stayed beyond the expiration of their visas, and either return those workers to Mexico to renew their visas or discontinue any employment relationship with them.

5. Pay all workers (1) $0.65 per box for all greens (including Mustard, Collards, Turnips and Kale) harvested; and (2) such other piece rates as Defendants pay their H-2A workers; and, (3) regardless of production, pay an average of $8.07 per hour to each worker in each pay period across all hours worked in a week for piece rate work; and (4) pay $8.07 per hour for all hourly work (including field loading boxes, barn work, chopping room work, along with gardening and weeding) or such higher average hourly wage as may be instituted as the applicable Adverse Effect Wage Rate (AEWR) by the U.S. Department of Labor.

6. Compensate Plaintiffs, H-2A workers, and all other field workers who use rubber bands in the harvest of greens for their time in stretching and organizing rubberbands for harvest by paying one and a quarter (1.25) hours of additional time each week for this preparation work; Defendants further agree that for weeks in which a worker harvests a total of 450 or more boxes using rubber bands in a workweek, Defendants will pay such worker two and a half (2.5) hours of additional time for this preparation work.

7. In order to minimize Plaintiffs' rubber band preparation time Defendants agree to

-2-

purchase and provide to Plaintiffs for their use size 19 rubber bands (as sold by the Alliance Rubber Band Company).

8.   Allow Plaintiffs, along with other H-2A workers, to occupy the currently unoccupied barracks that have heating and A/C (provided that any opened barrack is occupied to at least 10% of a barrack's capacity).

9.   Discontinue use of hourly work to reward favored employees and to sanction Plaintiffs, and specifically employ two or more Plaintiffs for the duration of the season in positions where they substantially (80% of their time) work for hourly pay, including:

   (a)   Return Carmen Vergara to a combination of field loading and barn work;

   (b)   Return Pablo Rodriguez to the chopping room.

10.   In addition to paragraph 9, Defendants shall:

   (a) employ at least three additional Plaintiffs (e.g. Blas Pozos, Martin Rebollo, Berardo Campos, or others) in loading, barn, driving or other hourly positions for a significant portion (at least 40%) of their total hours worked per month; and

   (b) employ at least three additional Plaintiffs in chopping room positions, or rotate Plaintiffs through the chopping room (such that Plaintiffs perform at least 25% of the total chopping room work).

11.   Pay Plaintiffs through their counsel a total of $50,000, including $40,000 to resolve Plaintiffs' damages and restitution claims and $10,000 to resolve claims for costs and attorney's fees. The later portion shall be retained by Georgia Legal Services Program. Payment shall be made payable to the Georgia Legal Services Program, Client Trust Account and shall be received at 104 Marietta St., Ste. 250 Atlanta, Ga 30303 by 5 pm on

March 16, 2006.

12.    Upon the Court's entry of this Consent Order, and deposit and bank clearance of the

settlement funds, Plaintiffs shall promptly withdraw their Motion for Contempt and

release their claims for Defendants' failure to comply with the August 22, 2005 Consent

Order from its date of issue through the date of this agreement.

13.    Plaintiffs' and Defendants' continuing employment relationship shall be governed by the

terms of this Consent Order and the continuing August 22, 2005 Consent Order, as well

as applicable federal and state employment laws and regulations.  The Court expressly

retains jurisdiction to enforce the terms of this Consent Order.

14.    The parties agree to use their best efforts to obtain entry of this Consent Order by the

Court, including submission of any documents reflecting the stipulation necessary to

effectuate the terms of this Agreement.

IT IS THEREFORE ORDERED that all the foregoing terms and conditions be, and the

same are, hereby approved and incorporated fully into this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction for the sole purpose

of enforcing this Consent Order, all terms and conditions of which are adopted by the Court and

hereby made the Order of this Court.

SO ORDERED this _____*21st*_____ day of _____*March*_____, 2006.

W. LOUIS SANDS, CHIEF JUDGE
U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

-4-